1 | **AVETIS SPARTALIAN**
2 | 14056 Southwest Chehalem Court
  | Tigard, Oregon 97223
3 | Tel: 503-501-9169
  | Em: savetis@ymail.com
4 | Plaintiff
  | Pro Se
5 |

FILED18 MAY '12 08:34USDC-ORP

**UNITED STATES DISTRICT COURT**

**FOR THE STATE OF OREGON**

| AVETIS SPARTALIAN, | Case No. 3:12 - CV - 888 - MO |
|---|---|
| *Plaintiff,* | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, AND THE OREGON PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| *v.* | |
| CITIBANK, N.A.; RAUSCH, STURM, ISRAEL, ENERSON and HORNIK, LLC; RICHARD A. RUSSELL; and SHELLEY L. LANZKOWSKY; | |
| | **DEMAND FOR JURY TRIAL** |
| *Defendants* | |

## I.

## INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq (hereinafter "FDCPA"), and the State of Oregon Fair Debt Collection Practices Act 646.641, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Also included are common law tort actions.

2.     All of Defendant's actions occurred within one year of the date of this Complaint.

///

## II.

**JURISDICTION AND VENUE**

3.    Jurisdiction of the Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367 (State of Oregon Fair Debt Collection Practices Act 646.641. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

**III.**

**PARTIES**

4.    The Plaintiff is a person who allegedly incurred a consumer debt primarily for personal, family, or household services.

5.    The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant Rausch, Sturm, Israel, Enerson, and Hornik, LLC, a law firm, is a Wisconsin Limited Liability Company engaged in the business of collecting debts in this state with a principal place of business location at 8691 West Sahara Avenue, Suite 210, Las Vegas, Nevada 89117. The principal purpose of this defendant is the collection of debts using the mails and telephones, and this defendant regularly attempts to collect debts alleged to be due another. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § I 692a(6).

7.    Defendant Richard A. Russell, a lawyer, is a natural person employed by Defendant Rausch, Sturm, Israel, Enerson, and Hornik, LLC, as a collector at all times relevant to this complaint. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § I 692a(6).

8.    Defendant Shelley L. Lanzkowsky, a lawyer, is a natural person employed by Defendant Rausch, Sturm, Israel, Enerson, and Hornik, LLC, as a collector at all times relevant to this complaint. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § I 692a(6).

9.    Defendants named in paragraphs 6, 7, and 8 are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

10.   Defendant Citibank, N.A., is a foreign corporation doing business in Oregon.

## IV.

## FACTS

11.   Plaintiff Spartalian had several credit cards through Citibank, in the State of Oregon.

12.   Defendant lawyers knowing that the debt was incurred by the Plaintiff in the State of Oregon, filed suit against Plaintiff in Clark County, Nevada, to collect an amount allegedly due on one of the cards. In that suit Defendant lawyers falsely alleged that Plaintiff was a resident of Clark County, Nevada. .

13.   Defendant Lawyers never served nor caused to be served the summons and complaint to Plaintiff, personally.   However, knowing that Plaintiff did not reside within the State of Nevada, caused and did serve the Plaintiff's daughter-in-law at her residence in Clark County, Nevada.

14.   Notwithstanding that Defendant Lawyers knew or should have reasonably known that service on Plaintiff was ineffective, and that the State of Nevada had no personam or never acquired jurisdiction over the Plaintiff, Defendant Lawyers wrote a letter to Plaintiff and mailed the letter through the United States Postal Service, to Plaintiff at his daughter-in-law's residence in Clark County, Nevada, threatening Plaintiff that Defendant Lawyers were going to take default judgment against him. The Nevada lawsuit was filed against Plaintiff on December 04TH, 2011.

15.   Citibank hired Defendant Lawyers who operate in many states.

## V.

## FIRST CLAIM FOR RELIEF

### Violation of the Federal Fair Debt Collections Practices Act

(against Defendant Lawyers)

16.   Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17.   The Defendant Lawyers violated 15 U.S.C. § 1692c in that they contacted a third

1  party more than once and disclosed the existence, nature and/or amount of the debt.

2  **VI.**

3  **SECOND CLAIM FOR RELIEF**

4  **Violation of the Oregon Fair Debt Collections Practices Act**

5  (against Defendant Lawyers)

6  17.    Plaintiff incorporates each of the preceding allegations as if specifically stated

7  herein.

8  18.    The Defendant Lawyers violated State of Oregon Fair Debt Collection Practices

9  Act 646.641 in that they contacted a third party more than once and disclosed the

10 existence, nature and/or amount of the debt.

11 **VII.**

12 **THIRD CLAIM FOR RELIEF**

13 **Violation of the Federal Fair Debt Collections Practices Act**

14 (against Defendant Lawyers)

15 18.    Plaintiff incorporates each of the preceding allegations as if specifically stated

16 herein.

17 19.    The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or

18 unconscionable means to collect a debt.

19 **VIII.**

20 **FOURTH CLAIM FOR RELIEF**

21 **Violation of the Oregon Fair Debt Collections Practices Act**

22 (against Defendant Lawyers)

23 20.    Plaintiff incorporates each of the preceding allegations as if specifically stated

24 herein.

25 21.    The Defendant violated Oregon Fair Debt Collection Practices Act 646.641 that

26 its actions were unfair and/or unconscionable means to collect a debt.

27 **IX.**

28 **FIFTH CLAIM FOR RELIEF**

1    **Violation of the Federal Fair Debt Collections Practices Act (§ 807)**

2    (against Defendant Lawyers)

3    22.   Plaintiff incorporates each of the preceding allegations as if specifically stated

4    herein.

5    23.   § 807 in pertinent parts states, "False or misleading representations A debt

6    collector may not use any false, deceptive, or misleading representation or means in

7    connection with the collection of any debt. (10) The use of any false representation or

8    deceptive means to collect or attempt to collect any debt or to obtain information

9    concerning a consumer."

10   24.   Defendant Lawyer filed the complaint for the alleged debt in the wrong

11   jurisdiction and venue, to wit: in the County of Clark, State of Nevada instead of the

12   Plaintiff's resident State of Oregon.

13   **X.**

14   **SIXTH CLAIM FOR RELIEF**

15   **Violation of the Oregon Fair Debt Collections Practices Act**

16   (against Defendant Lawyers)

17   25.   Plaintiff incorporates each of the preceding allegations as if specifically stated

18   herein.

19   26.   Defendant Lawyers used false, deceptive, or misleading representation by filing

20   the aforementioned State lawsuit in the wrong jurisdiction and venue, in violation of

21   Oregon Fair Debt Collection Practices Act 646.641 that its actions were unfair and/or

22   unconscionable means to collect a debt.

23   **XI.**

24   **SEVENTH CLAIM FOR RELIEF**

25   **Violation of the Federal Fair Debt Collections Practices Act**

26   (against Defendant Lawyers)

27   27.   Plaintiff incorporates each of the preceding allegations as if specifically stated

28   herein.

1   28.    Defendant Lawyers violated 15 U.S.C. §1692d by engaging in conduct the

2   natural consequence of which is to harass, oppress, or abuse Plaintiff in connection

3   with the collection of a debt.

4                       **XII.**

5                **EIGHTH CLAIM FOR RELIEF**

6   **Violation of the OregonFair Debt Collections Practices Act**

7                (against Defendant Lawyers)

8   29.    Plaintiff incorporates each of the preceding allegations as if specifically stated

9   herein.

10   30.    Defendant Lawyers violated Oregon Fair Debt Collection Practices Act 646.641

11   by engaging in conduct the natural consequence of which is to harass, oppress, or abuse

12   Plaintiff in connection with the collection of a debt.

13                      **XIII.**

14               **NINTH CLAIM FOR RELIEF**

15             (against defendant Citibank)

16   31.    Plaintiff incorporates each of the preceding allegations as if specifically stated

17   herein.

18   32.    Plaintiff alleges that defendant Citibank was a legal cause of damages to

19   Plaintiff. By the following acts or omissions to act, defendant Citibank negligently

20   caused the damages to the Plaintiff:

21        a.    hiring the debt collectors named in this suit;

22        b.    inadequately supervising and/or checking the work of the debt collectors

23   named in this suit.

24

25

26                      **XVI.**

27              **TENTH CLAIM FOR RELIEF**

28                (against all Defendants)

33.    Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34.    Plaintiff alleges that all Defendants knew or should have reasonable known that Plaintiff acquired the alleged debt in the State of Oregon, and that he did not live in the State of Nevada. Plaintiff alleges that notwithstanding the aforementioned knowledge and information of Plaintiff's true, actual and correct address, the Defendants conspired among each other to misuse the judicial process by filing a legal action before the Clark County and State of Nevada civil court, absent  jurisdiction and venue.

35.    As a result of the mis-filing proceedings Plaintiff wrote to the Defendants and informed them that they had filed said action in the wrong jurisdiction and venue. However, Plaintiff's written communication was ignored by them.

36.    Defendants, in bad faith sought relief from the Clark County, State of Nevada courts, instead of the Courts of the State of Oregon with no evidentiary supporting evidence that Plaintiff was a resident of Clark County, State of Nevada, and/or that the contractual interaction took place in Clark County, State of Nevada.

37.    The Abuse of Process induced, implemented, performed and executed by all the Defendants was malicious, oppressive. It caused financial burden, harassment and depravity, all to injure and harm the Plaintiff.

**WHEREFORE**:

a.    For the **FIRST** through the **EIGHTH** Claims, and as a result of the above violations of the FDCPA, the defendant debt collectors are liable to the Plaintiff for declaratory judgment that defendant debt collectors' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

b.    For the **FIRST** through the **EIGHTH** Claims, and as a result of the above violations of the Oregon Fair Debt Collection Practices Act 646.641, the defendant debt collectors are liable to the Plaintiff for declaratory judgment that defendant debt collectors' conduct violated the Oregon Fair Debt Collection Practices Act 646.641, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

1        c.    For the **NINTH** Claim, as a result of the negligence of Defendant

2    Citibank, Plaintiff has suffered damages including, but not limited to, severe

3    embarrassment and emotional distress, Plaintiff's actual damages, statutory damages,

4    and costs and attorney's fees..

5        d.    For the **TENTH** Claim, Plaintiff's actual damages, statutory damages, and

6    costs and attorney's fees.

7        **AS TO ALL CAUSE OF ACTION**

8        e.    For any and all other relief, this Court deems just and proper.

9    Dated:  _18_ May 2012

11    _Avetis Spartalian_

12    AVETIS SPARTALIAN
    Plaintiff, Pro Se

**SPARTALIAN v. RAUSCH**, et. al.,       **COMPLAINT**

Case No.:            Page 8    **DEMAND FOR JURY TRIAL**