IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**AVETIS SPARTALIAN**,

    Plaintiff,                                                                      No. 3:12-cv-00888-MO

    v.                                                                                       OPINION AND ORDER

**CITIBANK, N.A., et al.**,

    Defendants.


**MOSMAN, J.**,

    Defendant Citibank, N.A. ("Citibank") moves to dismiss [3] the claims brought against it pursuant to Fed. R. Civ. P. 12(b)(6). Pro se plaintiff Avetis Spartalian responded [12] and defendant replied [13]. I grant defendant's motion to dismiss for the following reasons.

## BACKGROUND

    Mr. Spartalian obtained several credit cards through Citibank, all of which were originated in the state of Oregon. (Compl. [1] ¶ 11). This case arises out of debt that plaintiff incurred on one of those credit cards (the "subject debt") and the subsequent lawsuit that was filed in an attempt to collect it. (*Id*. at ¶ 12). Plaintiff alleges that Citibank hired defendant Rausch, Sturm, Israel, Enerson, and Hornik, LLC ("the defendant law firm") to collect the subject debt. (*Id*. at ¶¶ 6, 15). The individually named defendants, Richard Russell and Shelley Lanzkowsky (collectively the "lawyer defendants"), are lawyers employed by the defendant law firm as debt collectors. (*Id*. at ¶¶ 7, 8).

1 – OPINION AND ORDER

In seeking to collect, plaintiff alleges that the lawyer defendants—despite knowing that the subject debt was incurred in Oregon and that plaintiff did not reside in Nevada—filed a lawsuit against him in Clark County, Nevada, in which they falsely alleged that he was a resident thereof. (*Id*. at ¶ 12). In lieu of personal service in connection with the Nevada lawsuit, Mr. Spartalian avers that the lawyer defendants instead served his daughter-in-law at her residence in Clark County, Nevada. (*Id*. at ¶ 13). He also asserts that the lawyer defendants sent correspondence to his daughter-in-law's residence in which they threatened to take default judgment against him. (*Id*. at ¶ 14).

Plaintiff further alleges that Citibank also knew or reasonably should have known both that he acquired the subject debt in Oregon and that he did not live in Nevada, and that all defendants knew his actual address, which is in Tigard, Oregon. (*Id*. at ¶ 34). Mr. Spartalian states that he sent correspondence to all defendants indicating that they had filed the Nevada lawsuit in the wrong jurisdiction, but that his letter went unanswered. (*Id*. at ¶ 35). The crux of Mr. Spartalian's complaint, therefore, is that Citibank "conspired" with the defendant law firm and the lawyer defendants "to misuse the judicial process by filing [the Nevada lawsuit]." (*Id*. at ¶ 34).

## STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court construes pro se pleadings "liberally," affording plaintiff the "benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985)). However, I need not accept as true legal conclusions, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Mr. Spartalian brings two out of his ten claims against Citibank. His ninth claim is a common law negligence claim brought solely against Citibank and his tenth claim is a common law claim for abuse of process brought against all defendants. Citibank moves to dismiss both claims and requests that I deny plaintiff leave to amend, arguing that he has failed to state a claim for relief and that any amendment would be futile.

**1. Negligence**

Mr. Spartalian alleges that Citibank acted negligently by hiring and then inadequately supervising the debt collectors in this case. (*See* Compl. [1] ¶ 32). Plaintiff asserts that Citibank's negligence caused him severe embarrassment, emotional distress, and unspecified actual and statutory damages. (*Id*. at 8). "To state a cause of action in negligence, plaintiff must allege that defendant owed him a duty, that defendant breached that duty, and that the breach was the cause in fact of some legally cognizable damage to plaintiff." *Brennen v. City of Eugene*, 591 P.2d 719, 722 (Or. 1979). Plaintiff alleges that Citibank's "acts or omissions to act" caused him damages. What's missing from the complaint, however, are both facts in support of the legal conclusion that Citibank negligently hired and supervised the defendant law firm and facts suggesting that Citibank owed plaintiff a legal duty to protect him from the debt collector's actions. Therefore, because plaintiff does not allege "enough facts to state a claim to relief that is plausible on its

face," *Twombly*, 550 U.S. at 570, his ninth claim is dismissed without prejudice.

### 2. Abuse of Process

Plaintiff brings his tenth claim for abuse of process against all defendants. "Abuse of process is 'the perversion of legal procedure to accomplish an ulterior purpose when the procedure is commenced in proper form and with probable cause.'" *Larsen v. Credit Bureau, Inc. of Georgia*, 568 P.2d 657, 658 (Or. 1977) (quoting *Kelly v. McBarron*, 482 P.2d 187, 190 (Or. 1971)). "[T]o plead a claim for abuse of process, a plaintiff must allege some ulterior purpose, unrelated to the process, and a willful act in the use of the process that is not proper in the regular conduct of the proceeding." *Pfaendler v. Bruce*, 98 P.3d 1146, 1152 (Or. Ct. App. 2004) (citing *Larsen*, 568 P.2d at 658). In other words, the "tort involves the use of the process as a club by which to extort something unrelated to the process from the other party." *Clausen v. Carstens*, 730 P.2d 604, 608 (Or. Ct. App. 1986); *Larsen*, 568 P.2d at 658 (explaining that "improper purpose" typically involves "coercion to obtain a collateral advantage").

Plaintiff's complaint alleges that defendants abused the judicial process by filing suit in Nevada to collect the subject debt. However, Mr. Spartalian fails to allege what Citibank's ulterior purpose was when it conspired with the other defendants to do so. Therefore, plaintiff's tenth claim should be dismissed as to defendant Citibank for failure to state a claim. I dismiss this claim without prejudice and with leave to amend. If plaintiff wishes to do so, I instruct that he include in his amended complaint facts suggesting that Citibank filed suit in Nevada in order to extort something from him unrelated to the debt collection proceedings. Plaintiff's claim will fail if he merely alleges that Citibank's purpose in bringing the suit was to collect the subject debt, because "there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Larsen*, 568 P.2d at 658

(quoting William L. Prosser, Law of Torts, § 121, 857 (4th ed.1971)); *see also Hartley v. State Water Resources Dept.*, 713 P.2d 1060, 1063 (Or. Ct. App. 1986) (holding that evidence demonstrating that defendants may have had some malice toward plaintiff is insufficient to constitute an ulterior purpose in the form of coercion to obtain a collateral advantage not associated with the process).

## CONCLUSION

For the foregoing reasons, I GRANT defendant's Motion to Dismiss [3]. Plaintiff's ninth and tenth claims are DISMISSED without prejudice as to Citibank.

IT IS SO ORDERED

DATED this   10th   day of August, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court