IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**AVETIS SPARTALIAN**,

        Plaintiff,                                       No. 3:12-cv-00888-MO

        v.                                            OPINION AND ORDER

**CITIBANK, N.A., et al.**,

        Defendants.

**MOSMAN, J.**,

        Pro se plaintiff Avetis Spartalian filed this action against defendants Rausch, Sturm, Israel, Enerson and Hornik, LLC ("the defendant law firm"), Richard Russell and Shelley Lanzkowsky (collectively "the lawyer defendants"), and Citibank N.A. ("Citibank") for various claims arising from all defendants' involvement in a Nevada debt collection proceeding against plaintiff. (Am. Compl. [21].)

        The defendant law firm and the lawyer defendants move to dismiss [6] for lack of personal jurisdiction or, in the alternative, move to transfer for improper venue or, as second alternative, move to transfer for convenience. (Mot. to Dismiss [6] at 2.) Plaintiff responded [17]

and the defendant law firm and lawyer defendants replied [18]. For the following reasons, I grant the motion to dismiss [6] for lack of personal jurisdiction and order plaintiff to file an amended complaint within 30 days. At this time, I do not decide the motion to transfer for improper venue or the motion to transfer for convenience. I also dismiss with prejudice plaintiff's claims against Citibank alleging common law negligence, abuse of process, and a violation of the Revised Code of Washington § 19.86.020.

## BACKGROUND

Viewed in the light most favorable to plaintiff, the relevant facts are as follows. Plaintiff obtained several credit cards through Citibank. (Am. Compl. [21] ¶ 8.) Using one of those credit cards, plaintiff incurred a debt (the "subject debt"), and a lawsuit was subsequently filed in an attempt to collect it. (*Id.* at ¶¶ 11, 15.) This case arises out of that debt collection lawsuit. Plaintiff alleges that Citibank hired the defendant law firm to collect the subject debt. (*Id.* at ¶¶ 7, 9.) The lawyer defendants are lawyers employed by the defendant law firm as debt collectors. (Compl. [1] ¶¶ 7–8.)

The defendant law firm is a Wisconsin Limited Liability Company, and maintains its principal place of business in Las Vegas, Nevada. (Am. Compl. [21] ¶ 7.) In seeking to collect, plaintiff alleges that the lawyer defendants—despite knowing that the subject debt was incurred in Oregon and that plaintiff did not reside in Nevada—filed a lawsuit against him in Nevada, in which they falsely alleged that he was a resident thereof. (*Id.* at ¶¶ 9–12.) In lieu of personal service in connection with the Nevada lawsuit, plaintiff avers that the lawyer defendants instead served his daughter-in-law at her residence in Clark County, Nevada. (*Id.* at ¶ 10.) He also asserts that the lawyer defendants sent correspondence to his daughter-in-law's residence in which they threatened to take default judgment against him. (*Id.* at ¶ 11.)

Plaintiff further alleges that the defendants also knew or reasonably should have known that he acquired the subject debt in Oregon and that he did not live in Nevada, and that all defendants knew his actual address, which is in Oregon. (Compl. [1] at ¶ 34). In his amended complaint, plaintiff states that he resides in Oregon and that Citibank directed the other defendants to serve him in the Nevada lawsuit at "an address where he did not live." (Am. Compl. [21] ¶¶ 5, 9–10.) Plaintiff states that he sent correspondence to all defendants indicating that they had filed the Nevada lawsuit in the wrong jurisdiction, but that his letter went unanswered. (Compl. [1] at ¶ 35.) The crux of his original complaint is that Citibank "conspired" with the defendant law firm and the lawyer defendants "to misuse the judicial process by filing [the Nevada lawsuit]." (*Id.* at ¶ 34.) Similarly, the crux of his amended complaint is that he should have been served in Oregon in the Nevada lawsuit and that service on his daughter-in-law was ineffective. (Am. Compl. [21] ¶¶ 9–11.) Therefore, the "State of Nevada had no personam jurisdiction or never acquired jurisdiction over [plaintiff]." (*Id.* at ¶¶ 9–11.)

Plaintiff served the defendant law firm and lawyer defendants in Nevada. (Summons [1-2] at 1–2, 4; Summons Returned Executed [11] 1–4, 7–9.) These defendants did not consent to personal jurisdiction.

## PERSONAL JURISDICTION

### I. Standard

To defeat a motion to dismiss for lack of personal jurisdiction, plaintiff must "demonstrate facts that if true would support jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)). "When a district court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the

plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ballard*, 65 F.3d at 1498.  In determining whether this burden is met, I view the facts and resolve factual disputes in favor of plaintiff. *Harris Rutsky*, 328 F.3d at 1129. "Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Id.*

Oregon law permits courts to exercise personal jurisdiction to the extent allowed by the due process clause of the Constitution. Or. R. Civ. P. 4(L); *State, ex rel. Hydraulic Servocontrols Corp. v. Dale*, 294 Or. 381, 384-86, 657 P.2d 211, 212–13 (Or. 1982). To satisfy due process, a non-resident defendant must "have certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Harris Rutsky,* 328 F.3d at 1129 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction is further divided into general and specific jurisdiction. *See Albany Ins. Co. v. Rose-Tillmann, Inc.*, 883 F. Supp. 1459, 1463 (D. Or. 1995). "If a nonresident defendant's activities in the forum state are substantial or continuous and systematic, the court may assert general jurisdiction over a claim, even if the claim is unrelated to the defendant's forum activities." *Id.* (citing *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1477 (9th Cir. 1986)). "If, however, the defendant's activities are not so pervasive as to subject him to general jurisdiction, the issue whether [specific] jurisdiction will lie turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). The Ninth Circuit employs the following three-part test to evaluate the nature and quality of defendant's

contacts with Oregon to determine if "minimum contacts" and "fair play and substantial justice" for specific jurisdiction are satisfied:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 379 F.3d 1120, 1128–29 (9th Cir. 2004). "The 'purposeful availment' requirement 'ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person.'" *Id.* at 1129 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Personal jurisdiction must be analyzed separately for each defendant. *See Harris Rutsky,* 328 F.3d at 1130.

## II.  Analysis

Even taking into account plaintiff's pro se status, plaintiff did not meet his burden to show personal jurisdiction over the defendant law firm or the lawyer defendants. Plaintiff does not contend that the defendant law firm had "substantial" or "continuous and systematic" contacts with Oregon to support the exercise of general jurisdiction.[1] *See Hirsch*, 800 F.2d at 1477. The issue, then, is whether he alleged facts sufficient to establish specific jurisdiction. To do this, plaintiff must plead that the defendant had minimum contacts that have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities

---

[1] In response to the defendant law firm's and lawyer defendants' motion to dismiss [6], plaintiff argues he established personal jurisdiction because the defendant law firm had a registered agent in Oregon. (Resp. [17] at 1-2). Even if plaintiff had pled this fact, rather than arguing it in the briefing, it would not suffice to establish general jurisdiction. The Oregon Secretary of State online record shows the registered agent was terminated in October of 2010, before the start of this lawsuit.

within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co. v. Superior Court of California, Solano County*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp.*, 471 U.S. at 475). Those contacts can be minor, but they must be present to establish personal jurisdiction. *See Paradise v. Robinson & Hoover,* 883 F. Supp. 521, 524–26 (D. Nev. 1995) (personal jurisdiction over the defendants in a FDCPA action where defendants' sent collection letter into the forum); *Silva v. Jason Head, PLC*, No. 09-CV-05768-LHK, 2010 WL 4593704, at *2–3 (N.D. Cal. Nov. 4, 2010) (a debt collection voicemail is an affirmative act conferring jurisdiction).

Plaintiff alleged that the defendant law firm "is a corporation not licensed to do business in the State of Oregon. is [sic] a Wisconsin Limited Liability Company engaged in the business of collecting debts in this state with a principal place of business location . . . [in] Nevada." (Am. Compl. [21] ¶ 7.) Viewing this allegation in the light most favorable to plaintiff, I interpret the allegation as stating that the defendant law firm is engaged in the collection of debts in Oregon. Nevertheless, this generic allegation will not suffice to establish personal jurisdiction as "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

Defendants raise an even greater challenge to personal jurisdiction by disputing the generic allegation with specific facts. The defendant law firm states that it "does not practice law in the State of Oregon." (Russell Decl. [8] ¶ 4.) The defendant lawyers, speaking on behalf of the firm, submitted declarations stating that they had not contacted plaintiff while he was in Oregon. (Lanzkowsky Decl. [7] ¶ 5; Russell Decl. [8] ¶ 6.) I "may not assume the truth of allegations in a pleading which are contradicted by affidavit" or, in this case, by declaration.

*Data Disc*, 557 F.2d at 1284. Significantly, plaintiff does not refute the defendants' declarations. When opposing this motion to dismiss, "the plaintiff bears the burden of establishing that jurisdiction is proper." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). His generic allegation falls short of meeting that burden, especially in light of the direct contradiction posed by the defendants in their declarations. Therefore, I find that plaintiff has not met his burden to show either general or specific jurisdiction over the defendant law firm.

Turning now to the claims alleged against the lawyer defendants, I find plaintiff has not established personal jurisdiction. In his original complaint [1], plaintiff alleged the same facts and asserted the same claims against the two lawyer defendants. (Compl. [1] ¶¶ 7–9.) Notably absent from the original complaint is any specific allegation that the lawyer defendants had contact with Oregon or with plaintiff while he was in Oregon. As a consequence, plaintiff has failed to establish either general or specific jurisdiction over the lawyer defendants. The lawyer defendants submitted individual declarations affirming they do not practice law in Oregon and, as previously noted, did not contact plaintiff while he was in Oregon. (Lanzkowsky Decl. [7] ¶¶ 4–5; Russell Decl. [8] ¶¶ 5–6.) Thus, plaintiff did not make the required "prima facie showing of jurisdictional facts." *Data Disc*, 557 F.2d at 1285. Moreover, in his first amended complaint, plaintiff has failed to name the individual lawyer defendants or explicitly assert any claims against them [21].[2]

Therefore, I grant the motion to dismiss for lack of personal jurisdiction [6]. However, I will allow plaintiff the opportunity to amend his complaint. Amendments are allowed with "extreme liberality," and "[t]his policy is applied even more liberally to pro se litigants." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Eldridge v. Block*,

---

[2] I am construing plaintiff's pleadings liberally and interpreting his references to "Defendant Lawyers" in his original complaint [1] to include both the defendant law firm and the lawyer defendants.

832 F.2d 1132, 1135 (9th Cir. 1987)). If plaintiff wishes to amend his complaint, I instruct that he include facts that support that the defendant law firm and lawyer defendants had contact with Oregon or made contact with him while he was in Oregon.

## FAILURE TO STATE A CLAIM

Previously, Citibank filed a motion to dismiss for failure to state a claim [3]. I granted [16] the motion, dismissed plaintiff's claims against Citibank without prejudice, and gave plaintiff leave to amend. Plaintiff has since filed his first amended complaint [21]. For the following reasons, I dismiss with prejudice plaintiff's claims against Citibank alleging common law negligence, abuse of process, and a violation of the Revised Code of Washington § 19.86.020.

### I.     Standard

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court construes pro se pleadings "liberally," affording plaintiff the "benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985)). However, I need not accept as true legal conclusions, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## II.     Analysis

I now revisit the question of failure to state a claim in light of my previous opinion. Citibank moved to dismiss [3] plaintiff's original complaint [1]. After finding the complaint deficient, I granted [16] Citibank's motion and dismissed the claims without prejudice. I provided plaintiff with the standards he was required to satisfy to defeat Citibank's motion, and I instructed him on how to fulfill those standards. (Op. & Order [16] at 2–4.)

To state a claim for negligence, I instructed plaintiff to include facts to support the legal conclusion that Citibank negligently hired and supervised the defendant law firm and facts suggesting Citibank owed plaintiff a legal duty to protect him from the debt collector's actions. (*Id.* at 3.) Plaintiff failed to do so. Moreover, he did not assert a claim for negligence against Citibank in his first amended complaint [21]. Therefore, I dismiss with prejudice plaintiff's common law negligence claim against Citibank.

To state a claim for abuse of process, I instructed plaintiff to allege facts suggesting that Citibank filed suit in Nevada in order to extort something from him unrelated to the debt collection proceedings. (*Id.* at 4.) Plaintiff failed to do so. Additionally, he did not assert a claim for abuse of process against Citibank in his first amended complaint [21]. Therefore, I dismiss with prejudice plaintiff's abuse of process claim against Citibank.

In his amended complaint, plaintiff alleges two new claims against Citibank: (1) Citibank violated Revised Code of Washington § 19.86.020; and (2) Citibank violated Oregon Revised Statute § 646.608(1)(n). Plaintiff failed to establish any basis for asserting a claim arising under Washington law; therefore, I sua sponte dismiss plaintiff's claim that Citibank violated Revised Code of Washington § 19.86.020. Citibank has not had an opportunity to respond to plaintiff's newly alleged claim arising under Oregon Revised Statute § 646.608(1)(n). I grant Citibank 14

days from the date of this opinion to respond to the amended pleading.

## CONCLUSION

For the foregoing reasons, I GRANT the defendant law firm's and the lawyer defendants' motion to dismiss for lack of personal jurisdiction [6]. Plaintiff's claims against the defendant law firm and the lawyer defendants are DISMISSED without prejudice. I order plaintiff to file an amended complaint within 30 days from the date of this order. Failure to file an amended complaint by that time will result in the dismissal of his claims against the lawyer defendants and the defendant law firm.

Plaintiff's claims alleging common law negligence, abuse of process, and violation of Revised Code of Washington § 19.86.020 against Citibank are DISMISSED with prejudice.

IT IS SO ORDERED

DATED this   15th   day of November, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge